J-S22022-19; J-S22023-19

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
|---|---|---|
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| COLLEEN KOWALSKI | : | |
| | : | |
| Appellant | : | No. 1700 MDA 2018 |

Appeal from the Judgment of Sentence Entered September 13, 2018
In the Court of Common Pleas of Bradford County Criminal Division at
No(s): CP-08-CR-0000834-2015

| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
|---|---|---|
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| COLLEEN KOWALSKI | : | |
| | : | |
| Appellant | : | No. 1701 MDA 2018 |

Appeal from the Judgment of Sentence Entered September 13, 2018
In the Court of Common Pleas of Bradford County Criminal Division at
No(s): CP-08-CR-0000835-2015

BEFORE:   SHOGAN, J., DUBOW, J., and PELLEGRINI*, J.

MEMORANDUM BY DUBOW, J.:                    **FILED AUGUST 27, 2019**

Appellant, Colleen Kowalski, appeals from the Judgments of Sentence

entered in the Bradford County Court of Common Pleas at Docket Numbers

834-2015 and 835-2015 on September 13, 2018.[1]   On appeal, Appellant

_____

[1] We have consolidated the appeals at Nos. 1700 MDA 2018 and 1701 MDA
2018 *sua sponte*.

_____

*   Retired Senior Judge assigned to the Superior Court.

challenges the discretionary aspects of her sentence. Appellant's counsel has filed a Brief and Petition to Withdraw pursuant to *Anders v. California*, 386 U.S. 738 (1967), and *Commonwealth v. Santiago*, 978 A.2d 349 (Pa. 2009). After careful review, we affirm Appellant's Judgments of Sentence and grant counsel's Petition to Withdraw as Appellate Counsel.

A detailed recitation of the underlying facts is not necessary to our disposition. Briefly, on March 15, 2016, Appellant entered a guilty plea to Criminal Mischief[2] at Docket Number 834-2015. On May 19, 2016, the trial court sentenced her to a 24-month term of probation.

On May 27, 2016, at a separate docket—Docket Number 835-2015—a jury convicted Appellant of Resisting Arrest and Disorderly Conduct, and the court convicted her of Harassment.[3] On August 21, 2016, the court sentenced her to a term of 71 days' incarceration followed by 18 months of county intermediate punishment. The court ordered the sentences at Docket Numbers 834-2015 and 835-2015 to run concurrently.[4]

On November 14, 2017, the Bradford County Probation Department filed a Petition for Revocation of Probation alleging that Appellant had failed to: (1) report for probation meetings; (2) schedule drug and alcohol and mental

---

[2] 18 Pa.C.S. § 3304(a)(5).

[3] 18 Pa.C.S. §§ 5104; 5503(a); and 2709(a)(1), respectively.

[4] Thus, the court sentenced Appellant to an aggregate term of 71 days' incarceration, followed by 18 months' county intermediate punishment, followed by 24 months' probation.

health evaluations; (3) report for three drug screenings; and (4) document community service hours. Appellant failed to appear at a scheduled hearing on the Petition and, on January 8, 2018, the court issued a bench warrant for her arrest.

On September 18, 2018, the Bradford County Probation Department filed an Addendum Petition alleging that Appellant failed to: (1) maintain contact with the probation department; (2) make payments towards collections; and (3) appear for every drug and alcohol screening except one.

Police arrested Appellant on the bench warrant and, on September 13, 2018, Appellant waived her ***Gagnon I*** and ***Gagnon II***[5] hearings. That same day, the court revoked her probation and her county intermediate punishment. The revocation court resentenced Appellant at Docket Number 834-2015 to 10 days' to one month incarceration and at Docket Number 835-2015 to 75 days' to 5 months' incarceration.[6] The court credited Appellant with 74 days' time served. Appellant did not file a Post-Sentence Motion from her Judgment of Sentence.

This timely appeal followed. Both Appellant and the revocation court complied with Pa.R.A.P 1925. In her Rule 1925(b) Statement, Appellant claimed her revocation sentence was "unjust."

---

[5] ***Gagnon v. Scarpelli***, 411 U.S. 778 (1973).

[6] Thus, the court sentenced Appellant to an aggregate revocation sentence of 85 days' to 6 months' incarceration.

- 3 -

On April 2, 2019, counsel filed an **Anders** Brief purporting to challenge discretionary aspects of Appellant's sentence. **Anders** Brief at 8. In addition, counsel has filed an Application to Withdraw as Counsel.

"When faced with a purported **Anders** brief, this Court may not review the merits of any possible underlying issues without first examining counsel's request to withdraw." **Commonwealth v. Goodwin**, 928 A.2d 287, 290 (Pa. Super. 2007) (*en banc*). Prior to withdrawing as counsel on direct appeal under **Anders**, counsel must file a brief that meets the requirements established by the Pennsylvania Supreme Court in **Commonwealth v. Santiago**, 978 A.2d 349 (Pa. 2009), namely:

> (1) provide a summary of the procedural history and facts, with citations to the record;
>
> (2) refer to anything in the record that counsel believes arguably supports the appeal;
>
> (3) set forth counsel's conclusion that the appeal is frivolous; and
>
> (4) state counsel's reasons for concluding that the appeal is frivolous. Counsel should articulate the relevant facts of record, controlling case law, and/or statutes on point that have led to the conclusion that the appeal is frivolous.

**Santiago**, 978 A.2d at 361.

In addition, counsel must provide a copy of the **Anders** brief to his client. "Attending the brief must be a letter that advises the client of his right to: '(1) retain new counsel to pursue the appeal; (2) proceed *pro se* on appeal; or (3) raise any points that the appellant deems worthy of the court[']s attention in addition to the points raised by counsel in the Anders brief.'"

*Commonwealth v. Orellana*, 86 A.3d 877, 880 (Pa. Super. 2014) (quoting

*Commonwealth v. Nischan*, 928 A.2d 349, 353 (Pa. Super. 2007).

Counsel has complied with the requirements of *Anders* as articulated in *Santiago*. Namely, he has included a summary of the relevant factual and procedural history; referred to the portions of the record that could arguably support Appellant's claims; and set forth his conclusion that Appellant's appeal is frivolous. He has explained his reasoning and supported his rationale with citations to the record as well as pertinent legal authority. Counsel has supplied Appellant with a copy of his *Anders* Brief and a letter explaining the rights enumerated in *Nischan*. *See* Letter appended to Application to Withdraw. Accordingly, counsel has complied with the technical requirements for withdrawal.

Having addressed counsel's technical compliance with *Anders*, we will address the substantive issues raised by counsel. In addition, we must conduct "a simple review of the record to ascertain if there appear on its face to be arguably meritorious issues that counsel, intentionally or not, missed or misstated." *Commonwealth v. Dempster*, 187 A.3d 266, 272 (Pa. Super. 2018) (*en banc*).

In her issue, Appellant purports to challenge discretionary aspects of her sentence. *See Anders* Brief at 8 (suggesting Appellant's sentence is "excessive and unjust").

A challenge to discretionary aspects of a sentence is not reviewable as a matter of right. *Commonwealth v. Leatherby*, 116 A.3d 73, 83 (Pa.

- 5 -

Super. 2015). Rather, an appellant must invoke this Court's jurisdiction by, *inter alia*, preserving a challenge at sentencing or in a post-sentence motion. ***Id.*** "Objections to the discretionary aspects of a sentence are generally waived if they are not raised at the sentencing hearing or in a motion to modify the sentence imposed." ***Commonwealth v. Griffin***, 65 A.3d 932, 935 (Pa. Super. 2013). Here, Appellant did not preserve this challenge at her sentencing hearing or thereafter in a Post-Sentence Motion. Accordingly, she has waived any challenge to discretionary aspects of her sentence. ***See Leatherby***, ***supra***; ***Griffin***, ***supra***.

When an appellant fails to raise an issue before the trial court and has, thus, waived the issue on direct appeal, the courts consider that issue "frivolous" for purposes of an ***Anders*** analysis. ***See Commonwealth v. Tukhi***, 149 A.3d 881, 888–89 (Pa. Super. 2016); ***see also Commonwealth v. Kalichak***, 943 A.2d 285, 291 (Pa. Super. 2008) ("Having been waived, pursuing this matter on direct appeal is frivolous."). Following our review of the issue purportedly raised by Appellant in counsel's ***Anders*** Brief, we agree with counsel that this appeal is wholly frivolous. In addition, following an independent review of the record, we discern no arguably meritorious issues that warrant further consideration. ***See Dempster***, ***supra*** at 272. Accordingly, we grant counsel's Application to Withdraw as Counsel and affirm Appellant's Judgment of Sentence.

Application to Withdraw as Counsel granted; Judgment of Sentence affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: <u>8/27/2019</u>